**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 16-400** |
| | : | |
| **RAHEEM SLONE** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                    **April 12, 2021**

      Raheem Slone seeks compassionate release from his sentence as a career offender for the third time in the last nine months. He again argues his medical condition, primarily asthma, warrants release even though we found no merit in this argument the last two times. He also now argues a perceived change in the law arising from our Court of Appeals's December 1, 2020 decision in *United States v. Nasir* is an extraordinary and compelling reason for his compassionate release. To the extent Mr. Slone believes his asthma puts him at risk for COVID-19, the risk is mitigated having received two doses of the effective Moderna vaccine and he otherwise does not present health concerns rising to the level of extraordinary and compelling reasons for release. To the extent he relies upon his view our Court of Appeals's *Nasir* decision changes the law and requires a reduction in sentence, the *Nasir* decision is inapplicable to Mr. Slone's serious drug offenses mandating the career offender sentencing enhancement. We again deny Mr. Slone's motion for compassionate release without prejudice.

I.   Facts

Raheem Slone pleaded guilty to one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1) on July 31, 2017.[1] We sentenced Mr. Slone to 180-months in prison as a career offender under the Armed Career Criminal Act.[2] Congress, through the Armed Career Criminal Act, provides for a mandatory minimum sentence of fifteen years imprisonment for individuals convicted under 18 U.S.C. § 922(g) with three earlier adult convictions for "violent felonies" or a "serious drug offense." A defendant qualifies for a career-offender enhancement under the Sentencing Guidelines if he "has at least two prior felony convictions of . . . a controlled substance offense."[3] "A 'controlled substance offense' is an offense that (1) is punishable by a term of imprisonment that exceeds one year and (2) 'prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.'"[4]

Before his conviction on the felon in possession of a firearm charge, the Commonwealth obtained three earlier convictions in state court against Mr. Slone under Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act (the "Drug Act"), 35 P.S. § 780-113(a)(30).[5] Pennsylvania's General Assembly, through section 780-113(a)(30), makes unlawful "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance."[6]

At the time of Mr. Slone's sentencing, we issued a memorandum opinion explaining why Mr. Slone's three earlier state law convictions under section 780-113(a)(30) qualify as Armed Career Criminal Act predicate offenses.[7] As detailed in our July 21, 2017 memorandum applying

the Armed Career Criminal Act, Mr. Slone admitted to a serious drug offense in each of his plea colloquies in his three previous state convictions of possession with intent to deliver.

Mr. Slone, represented by the Federal Defenders, appealed from the July 21, 2017 judgment. He raised one issue on appeal: "Did the district court plainly err in finding that the broadly defined Pennsylvania offense of 'delivery' of a controlled substance, in violation of 35 Pa. C. S.§ 113(a)(30), is a "serious drug offense" as defined by the Armed Career Criminal Act?"[8] Our Court of Appeals found we did not err and affirmed our finding Mr. Slone's convictions under section 780-113(a)(30) are "serious drug offenses" under the Armed Career Criminal Act because it "already held that convictions under § 780-113(a)(30) for possession with intent to deliver cocaine and possession with intent to deliver heroin are 'serious drug offenses' under ACCA."[9]

*Mr. Slone's October 2019 habeas petition.*

After his unsuccessful direct appeal from judgment, Mr. Slone filed a pro se habeas petition challenging the Armed Career Criminal Act enhancement.[10] Mr. Slone argued in part his Pennsylvania convictions under the Drug Act are "attempt" crimes and cannot be predicates for the Armed Career Criminal Act enhancement.[11]

We denied his habeas petition. We explained a 180-month sentence is proper based on our application of the Armed Career Criminal Act's enhancements under section 924(e).[12] Citing our memorandum applying the Armed Career Criminal Act (affirmed by our Court of Appeals), we explained to Mr. Slone he misunderstood the nature of his earlier possession with intent to deliver convictions; they are not "attempt" crimes, possession with intent to deliver does not require a delivery, and an "attempt" is otherwise addressed as a separate offense for purpose of our analysis under Pennsylvania or federal law.[13]

Our Court of Appeals denied Mr. Slone a certificate of appealability from our denial of his habeas petition.[14]

***Mr. Slone pro se moves for compassionate release in June 2020.***

Mr. Slone moved pro se for compassionate release in June 2020 claiming his asthma made him at risk for contracting COVID-19 while incarcerated. He argued his asthma risk is an "extraordinary and compelling reason" under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), warranting compassionate release.[15]

We denied Mr. Slone's motion for compassionate release on June 30, 2020 after review of his medical records.[16] We explained Mr. Slone does not have daily asthma symptoms, does not use his inhaler daily, or have abnormal lung function; a February 2020 chest x-ray showed no pulmonary complications; his record shows uncontrolled upper respiratory symptoms secondary to allergies; and Mr. Slone reports his health is "good-great."[17] We recognized the Centers for Disease Control and Prevention recognizes moderate to severe asthma as a risk factor for more severe illness from COVID-19, but concluded the medical records confirmed Mr. Slone's asthma is mild. Mild persistent asthma alone does not amount to an extraordinary and compelling reason warranting release.[18] We explained Mr. Slone's fear of contracting the virus does not constitute extraordinary and compelling reasons for compassionate release and, taking into consideration Mr. Slone's age (then thirty-six years old with no other medical risks), Mr. Slone is not at a substantially greater risk for complications from COVID-19 than a completely healthy incarcerated person.[19]

### *Mr. Slone's July 14, 2020 motion for compassionate release and "Affidavit" for reduction in sentence.*

Two weeks after we denied Mr. Slone's first motion for compassionate release, Mr. Slone again pro se moved for compassionate release arguing his asthma, bronchitis, and a collapsed lung suffered in 2003 constitute extraordinary and compelling reasons for his release.[20] He also filed an "Affidavit Claim to Modify an Imposed Term of Imprisonment by Means of a Sentence Reduction Remedy."[21] Like his already denied habeas petition, Mr. Slone again argued the Armed Career Criminal Act enhancement should not apply because his three earlier state court convictions involved state charges, not federal charges, an argument we and our Court of Appeals already rejected.

We denied Mr. Slone's Motion for compassionate release, finding no grounds different than those we addressed at length in our June 30, 2020 Memorandum.[22]

We denied Mr. Slone's "Affidavit," which we liberally construed as either (1) a motion for reconsideration of our Order denying compassionate release based on an alleged change in the law; or (2) a second or successive habeas petition repeating arguments we denied in our December 12, 2019 Order.[23]

Mr. Slone appealed from our orders denying his June 2020 Motion for compassionate release; his July 2020 Motion for compassionate release; and his July 2020 "Affidavit" for a reduction in sentence. Our Court of Appeals denied a certificate of appealability on these orders.[24]

**II.     Analysis**

Mr. Slone now moves for compassionate release for a third time in nine months arguing release is warranted by "extraordinary and compelling reasons" under the First Step Act and asking we reduce his sentence because: (1) his ongoing medical condition including asthma; and, (2) a

change in law arising from our Court of Appeals's December 1, 2020 decision in *United States v. Nasir*.[25] We obtained and reviewed his present medical records. The records confirm he is now fully vaccinated against the COVID-19 virus, having received two doses of the Moderna vaccine on January 12, 2021 and February 9, 2021.[26]

      **A.**      **Mr. Slone's medical condition does not constitute an extraordinary and compelling reason for compassionate release.**

There is no material change in Mr. Slone's medical condition since our June 30, 2020 memorandum denying his first motion for compassionate release.[27] After review of the medical records, we found Mr. Slone's asthma did not constitute extraordinary and compelling reasons for his release.[28]

Mr. Slone now, for a third time, argues his asthma, his 2003 collapsed lung, mental health, and blood work showing he is "pre-diabetic" constitute extraordinary and compelling reasons for his release. Mr. Slone's updated medical records confirm no change in his asthma, which is an at-risk condition under the Centers for Disease Control guidelines.

Mr. Slone identifies two recent changes in his medical condition in the last month. Neither establish extraordinary and compelling reasons for compassionate release. Mr. Slone placed a March 18, 2021 sick call to the prison's health services complaining of breathing problems.[29] The records confirm his lungs sounds are noted clear bilaterally, he is stable, and not in respiratory distress.[30] A rapid COVID-19 test returned negative. Health services instructed Mr. Slone, who is currently prescribed medication to be taken daily to control his asthma as well as other medications, to return for a sick visit if his symptoms worsened.[31]

Mr. Slone's lab report showed an elevated A1C on March 4, 2021 placing him in the "pre-diabetes" range. An A1C test is a blood test measuring a patient's average blood sugar levels over

three months.³² According to the Centers for Disease Control, "[p]rediabetes is a serious health condition where blood sugar levels are higher than normal, but not high enough yet to be diagnosed as type 2 diabetes."³³ "Pre-diabetes," by definition, is not type 2 diabetes and is not one of the conditions considered by the Centers for Disease Control for risk of severe illness from COVID-19.³⁴

While moderate to severe asthma is a condition recognized by the Centers for Disease Control as a risk of severe illness from COVID-19, Mr. Slone is now fully vaccinated against the virus mitigating his risk. The Centers for Disease Control reports the "Moderna vaccine was 94.1% effective at preventing laboratory-confirmed COVID-19 illness in people who received two doses who had no evidence of being previously infected."³⁵ The Centers for Disease Control advises "COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death."³⁶ Mr. Slone "now has significant protection against serious illness or death should he contract COVID-19" and does not demonstrate his asthma in the context of COVID-19 constitutes an extraordinary and compelling reason to grant his motion for compassionate release.³⁷

    **B. Our Court of Appeals's decision in *Nasir* does not apply to Mr. Slone.**

Mr. Slone returns to us a third time challenging his sentence under the Armed Career Criminal Act, this time seeking compassionate release arguing our Court of Appeals's December 2020 decision in *Nasir* invalidates his sentencing under the Armed Career Criminal Act. *Nasir* does not apply to Mr. Slone's three earlier state court convictions. The *Nasir* decision does not constitute extraordinary and compelling reasons for compassionate release.³⁸

In *Nasir*, the defendant argued the district court should not have counted his prior conviction for ***attempting*** to possess with intent to distribute cocaine as a "controlled substance offense" under section 4B1.1 of the Sentencing Guidelines. Our Court of Appeals agreed, holding

7

inchoate crimes such as "attempt" are not included in the definition of "controlled substance offenses" in section 4B1.2(b) of the Sentencing Guidelines.[39] An "inchoate crime" is defined as "[a] step toward the commission of another crime, the step in itself being serious enough to merit punishment. The three inchoate offenses are attempt, conspiracy, and solicitation."[40] The Pennsylvania General Assembly defines inchoate crimes as "criminal attempt," "criminal solicitation," and "criminal conspiracy."[41]

*Nasir* does not apply today because the Commonwealth did not convict Mr. Slone for an inchoate crime. His convictions are for possession with intent to deliver cocaine, heroin, and oxycodone, ***not*** attempted possession.[42] Our Court of Appeals in *Glass* held an offense under Pennsylvania's Drug Act, § 730-113(a)(30) — the offenses on which the state courts convicted Mr. Slone— "is a 'controlled substance offense' and may serve as predicate offense to a career-offender enhancement under § 4B1.1" of the Sentencing Guidelines.[43] *Nasir* did not overrule *Glass*. In *Nasir,* the defendant had two earlier convictions from a Virginia state court: a conviction for ***attempt*** to possess with the intent to distribute cocaine and a conviction for possession of marijuana and cocaine with intent to distribute which the district court found qualified as predicate controlled substance offenses.[44] Mr. Nasir challenged, and our Court of Appeals addressed, only the ***attempt*** conviction, ***not*** the conviction for possession of marijuana and cocaine with intent to distribute. As we explained to Mr. Slone in our earlier Memorandum and Order,[45] his earlier convictions for possession with intent to deliver under Pennsylvania law qualify as Armed Career Criminal Act predicate offenses. *Nasir* does not change Mr. Slone's sentence as a career offender.

Mr. Slone's request, if interpreted as seeking habeas relief due to a change in the law under section 2255, would also warrant our denial as a second or successive motion for which he must seek our Court of Appeals's approval under section 2255(h): "A second or successive motion must

be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[46]

### III.     Conclusion

We deny Mr. Slone's third attempt for compassionate release or a reduction in sentence based on his medical condition and the inapplicable *Nasir* decision.

---

[1] ECF Doc. No. 56.

[2] 18 U.S.C. § 924(e). Mr. Slone is incarcerated at FCI Berlin in New Hampshire.

[3] *United States v. Glass*, 904 F.3d 319, 321 (3d Cir. 2018) (quoting U.S.S.G. § 4B1.1(a)).

[4] *Id.* (quoting § 4B1.2(b)).

[5] *See United States v. Slone*, No. 16-400, 2017 WL 3140913 (E.D. Pa. July 21, 2017), *aff'd*, 749 F. App'x 114 (3d Cir. 2018) for the full background of Mr. Slone's Pennsylvania convictions.

[6] 35 P.S. § 780-113(a)(30).

[7] ECF Doc. No. 57.

[8] *See United States v. Slone*, No. 17-2638 (3d Cir. 2017).

[9] *United States v. Slone*, 749 F. App'x 114, 116 (3d Cir. 2018).

[10] ECF Doc. No. 70.

[11] *Id.* at 5.

[12] ECF Doc. No. 77.

[13] *Id.*

[14] ECF Doc. No. 80 (*United States v. Slone*, No. 19-3982 (3d Cir. June 8, 2020)).

[15] ECF Doc. No. 81.

[16] ECF Doc. Nos. 85, 86.

[17] ECF Doc. No. 85 at 8.

[18] *Id.*

[19] *Id.* at 8-9. We further explained even if Mr. Slone's medical condition constitutes an extraordinary and compelling reason, his release would not be consistent with applicable policy statements issued by the Sentencing Commission or with the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 9-11.

[20] ECF Doc. No. 88.

[21] ECF Doc. No. 87.

[22] ECF Doc. No. 89.

[23] ECF Doc. No. 90.

[24] *United States v. Slone*, No. 20-2630 (3d Cir. Jan. 7, 2021).

[25] 982 F.3d 144 (3d Cir. 2020).

[26] ECF Doc. No. 99 at 97.

[27] ECF Doc. Nos. 85, 86.

[28] *Id.*

[29] ECF Doc. No. 99 at 1.

[30] *Id.*

[31] *Id.*

[32] *See* Ctrs. for Disease Control and Prevention, *Diabetes*, *All About Your A1C*, https://www.cdc.gov/diabetes/managing/managing-blood-sugar/a1c.html (last visited Apr. 10, 2021).

[33] *See* Ctrs. For Disease Control and Prevention, *Diabetes*, *Prediabetes*, https://www.cdc.gov/diabetes/basics/prediabetes.html (last visited Apr. 10, 2021).

---

[34] *See* Cts. For Disease Control and Prevention, *COVID-19*, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021).

[35] *See* Ctrs. for Disease Control and Prevention, *COVID-19*, *Moderna*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last updated Apr. 5, 2021).

[36] *See* Ctrs. for Disease Control and Prevention, COVID-19, Benefits of Getting Vaccinated, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last updated Jan. 5, 2021).

[37] *United States v. Singh*, No. 15-28-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021).

[38] We are also not confident a decision from our Court of Appeals could alone constitute an extraordinary and compelling reason for compassionate release. We have twice found Congress's change to the stacking of sentences may be considered as one factor compelling compassionate release. *United States v. Adeyemi*, 470 F. Supp. 3d 489, 518-25 (E.D. Pa. 2020); *United States v. Harris*, No. 97-399-1, 2020 WL 7861325, at *7-12 (E.D. Pa. Dec. 31, 2020). We have not yet found a Court of Appeals's decision ***alone*** meets the criteria for compassionate release defined by the Sentencing Commission. We are also aware of a difference of opinion among our colleagues on whether, and to what extent, Congress's amendments in the First Step Act to stacking sentences constitute extraordinary and compelling reasons. *See United States v. Avery*, No. 04-243-01, 2021 WL 949482, at *5-8 (E.D. Pa. Mar. 12, 2021). We are also aware of the presently pending appeal now briefed and argued before our Court of Appeals in *United States v. Andrews* addressing whether Congress's amendment can ever be an extraordinary and compelling reason for compassionate release. 480 F. Supp. 3d 669, 678-82 (E.D. Pa. 2020), *appeal pending*, No. 20-2768 (3d Cir. Sept. 4, 2020). Mr. Slone's arguments are not related to Congress's change in the stacking of sentences. And Mr. Slone presents no other grounds for us to release him.

[39] *Nasir*, 982 F.3d at 160.

[40] *Inchoate Crime*, Black's Law Dictionary (11th ed. 2019).

[41] 18 Pa. Cons. Stat. §§ 901-903.

[42] *See* ECF Doc. No. 57.

[43] *Glass*, 904 F.3d at 322-24.

[44] *Nasir*, 982 F.3d at 156.

[45] ECF Doc. Nos. 57, 77.

[46] 28 U.S.C. § 2255(h).

11