IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 16-400 |
| RAHEEM SLONE | : | |

# ORDER

**AND NOW**, this 21st day of June 2024, upon considering Defendant's pro se Petition (ECF No. 123) for a writ of error coram nobis or audita querela arguing his conviction under section 922(g)(1) is unconstitutional under the Second Amendment citing our Court of Appeals' decision concerning a felon in possession's eligibility to possess a firearm in *Range v. Attorney General of the United States of America*, 69 F.4th 96 (3d Cir. 2023), mindful of Defendant's denied habeas petition under 28 U.S.C. § 2255 (ECF No. 70), Defendant's Motion to reopen his denied section 2255 Petition (ECF No. 117), our June 15, 2023 Order (ECF No. 120) closing the matter in this Court but transferring his Motion to reopen his denied habeas petition to our Court of Appeals, the Court of Appeals's denial of his motion to file a second or successive habeas petition (No. 23-2099, ECF No. 4), noting a writ of coram nobis is not available to Defendant while he is still serving a custodial sentence, and Defendant may not seek relief through a petition for a writ of audita querela because the proper vehicle is a section 2255 petition which has been denied without our Court of Appeals's authorization to file a second or successive petition, it is **ORDERED** Defendant's pro se Petition (ECF No. 123) for a writ of error coram nobis or audita querela is **DENIED**.[1]

_____
**KEARNEY, J.**

[1] Raheem Slone returns petitioning for a writ of error coram nobis or audita querela under 28 U.S.C. § 1651. ECF No. 123. Mr. Slone argues we must vacate his conviction because section 922(g)(1) is unconstitutional as applied to him under our Court of Appeals' decision in *Range v. Attorney General of the United States of America*, 69 F. 4th. 96 (3d Cir. 2023). The United States counters Mr. Slone's Petition lacks a jurisdictional basis because: (1) the writ of error coram nobis is not available to Mr. Slone who is currently incarcerated for the challenged conviction, and (2) Mr. Slone may not apply for a writ of audita querela based on his inability to seek successive habeas relief under section 2255. ECF No. 124 at 3. We agree with the United States. We currently lack jurisdiction to consider Mr. Slone's Motion.

Mr. Slone first petitioned for habeas relief under 28 U.S.C. § 2255 arguing he should not be sentenced under the Armed Career Criminal Act on October 22, 2019. ECF No. 70. We denied Mr. Slone's 28 U.S.C. § 2255 petition. ECF No. 77. Mr. Slone moved to reopen his denied 28 U.S.C. § 2255 petition under Federal Rule of Civil Procedure 15. ECF No. 117. We liberally construed his motion to reopen as a successive habeas petition. We transferred Mr. Slone's motion to our Court of Appeals for authorization to consider Mr. Slone's motion as a second or successive petition. ECF No. 120. Our Court of Appeals denied Mr. Slone permission to file a successive habeas petition. No. 23-2099, ECF No. 4 (3d Cir. Aug. 9. 2023).

Mr. Slone now argues our Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and our Court of Appeals's decision in *Range* requires us to reconsider Mr. Slone's conviction. Mr. Slone seeks a writ of coram nobis or audita querela to "remedy an injustice" because no other remedy is available to him. ECF No. 123 at 6.

We cannot consider the merits of Mr. Slone's Petition for a writ of error coram nobis. "Coram nobis is an extraordinary remedy that 'has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255.'" *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (quoting *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000)). "[C]oram nobis is not available when a petitioner is in custody and may not be used to avoid [the Antiterrorism and Effective Death Penalty Act of 1996's] gatekeeping requirements." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). The writ of coram nobis is not available to Mr. Slone, who is currently incarcerated for his section 922(g)(1) conviction. He may not use the writ to avoid the Court of Appeals's denial of his motion for a successive petition.

We deny Mr. Slone's Petition for a writ of audita querela. "The writ of audita querela is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." *Hernandez v. Pennsylvania*, No. 19-279, 2020 WL 564902, at *2 (E.D. Pa. Feb. 5, 2020). There is no "gap" here. Mr. Slone already moved for authorization to file a successive habeas petition raising new arguments not presented in his earlier habeas petition. The Court of Appeals denied Mr. Slone's motion for authorization to file a successive section 2255 motion. Mr. Slone "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') for filing a second or successive § 2255 motion to vacate sentence." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009).