**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 16-400** |
| | **:** | |
| **RAHEEM SLONE** | **:** | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **July 29, 2024**

We found Congress prohibited Raheem Slone from possessing a firearm as a felon in 2016 after Mr. Slone pleaded guilty in Pennsylvania courts to possessing drugs with intent to deliver in 2002 and twice in 2008.  Our Court of Appeals affirmed. We denied his habeas petition and our Court of Appeals denied a certificate of appealability. We denied his six later requests for compassionate release. He then moved last month for a writ of error coram nobis or audita querela arguing his  felon in possession conviction is unconstitutional as applied to him based on our Court of Appeals's 2022 decision involving an underlying food stamp fraud conviction reviewed in *Range v. Attorney General.* We denied his request on June 21, 2024 after the Supreme Court's decision earlier the same morning in *United States v. Rahimi*. We could not grant the requested relief as a matter of law. Mr. Slone now pro se asks we reconsider our June 21, 2024 Order arguing the Supreme Court's *Rahimi* decision (combined with our Court of Appeals's analysis in *Range*) requires we grant him the writ of error coram nobis or audita querela. The Supreme Court's *Rahimi* decision does not alter our analysis. The Court did not address relief under these inapplicable writs. The Supreme Court vacated the *Range* judgment earlier this month. The Supreme Court's *Rahimi* instruction does not affect the validity of Mr. Slone's plea, conviction, or sentence as a felon in possession of a firearm based on three drug trafficking convictions in state court. We deny his motion for reconsideration of our June 21, 2024 Order.

## I. Background

The Commonwealth charged Mr. Slone with one count of possessing cocaine and heroin with intent to deliver in May 2002.[1] Mr. Slone pleaded guilty to possession with intent to deliver in July 2002.[2] Judge Retacco of the Philadelphia Court of Common Pleas sentenced him to six months of house arrest.[3]

The Commonwealth next charged Mr. Slone in November 2006 with possessing cocaine with intent to deliver, possessing a prohibited firearm, and carrying a firearm without a license among other offenses.[4] Mr. Slone pleaded guilty to three of the six charges against him including possession with intent to deliver in April 2008.[5] Philadelphia Court of Common Pleas Judge Mazzola sentenced him to four to ten years' imprisonment.[6]

The Commonwealth charged Mr. Slone with possession with intent to deliver oxycodone along with another charge in June 2007.[7] Mr. Slone pleaded guilty in February 2008 to the charge of possession with intent to deliver.[8] Judge Carpenter sentenced Mr. Slone to nine to twenty-three months' imprisonment.[9]

### *Mr. Slone pleads guilty to being a felon in possession of a firearm.*

Philadelphia police stopped Mr. Slone on February 13, 2016. Mr. Slone removed a handheld object from his waistband and tossed it into a sewer before police stopped him. The police found an empty gun holster on Mr. Slone's waistband and a Rossi .38 caliber revolver loaded with five rounds of ammunition in the sewer. Our grand jury charged Mr. Slone with possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e) on September 27, 2016.[10] Mr. Slone pleaded guilty on March 24, 2017.[11] We later sentenced Mr. Slone to 180 months' incarceration as an armed career criminal and a felon in possession of a firearm under Section 922(g)(1) and 924(e).[12] Mr. Slone appealed and our Court of Appeals

affirmed the conviction.[13]

### *We denied Mr. Slone's earlier requests for relief.*

Mr. Slone first petitioned for habeas relief arguing he should not be sentenced under the Armed Career Criminal Act in October 2019.[14] We denied his Petition on December 12, 2019.[15] Mr. Slone misunderstood the nature of his conviction for the earlier crime of possession with intent to deliver as an "attempt" crime.[16] Possession with intent to deliver does not require a delivery and an "attempt" is otherwise addressed as a separate offense for purposes of our analysis under either Pennsylvania or federal law.[17] Mr. Slone simply challenged our Court of Appeals' decision affirming our finding of the three earlier convictions as serious drug offenses and applying the Armed Career Criminal Act warranting the sentence enhancement.[18] Mr. Slone then moved to reopen his habeas petition under Federal Rule of Civil Procedure 15 in June 2023.[19] We transferred the motion to our Court of Appeals for authorization to consider Mr. Slone's motion as a second or successive habeas petition.[20] Our Court of Appeals denied Mr. Slone permission to file a successive habeas petition.[21]

Mr. Slone moved for compassionate release six times citing his medical condition of asthma during the COVID-19 pandemic and later claiming change in the law.[22] He most recently argued (in February 2023) our Court of Appeals's 2022 decision in *Range v. Attorney General of the United States* rendered section 922(g)(1) unconstitutional as applied to him.[23] We denied his motions.[24]

Mr. Slone then petitioned for a writ of coram nobis or audita querela under 28 U.S.C. § 1651 in June 2024.[25] Mr. Slone again argued our Court of Appeals's decision in *Range* rendered section 922(g)(1) unconstitutional as applied to him.[26] We denied his most recent petition because we lacked jurisdiction as our Court of Appeals denied Mr. Slone's motion for authorization to file

a successive Section 2255 Petition.[27] Mr. Slone could "not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') for filing a second or successive § 2255 motion to vacate sentence."[28] Mr. Slone could not use audita querela as "[t]he writ of audita querela is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief."[29] Mr. Slone had no "gap." Mr. Slone could not use the writ of coram nobis due to his incarceration.

## II. Analysis

Mr. Slone petitions for reconsideration of our June 21, 2024 Order denying him a writ of error coram nobis or audita querela.[30] He argues we should reconsider his petition because Section 922(g)(1) is unconstitutional as applied to him under our Supreme Court's recent decision in *United States v. Rahimi*. But nothing in *Rahimi* mentions or alters long standing precedent on review of a writ of error coram nobis or audita querela.

We may reconsider only where the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when we issued our order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.[31] We grant these motions sparingly as we have a strong interest in the finality of judgments.[32]

"The writ of audita querela is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief."[33] Coram nobis is available "to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255."[34] As our Court of Appeals held days ago, "A petitioner seeking coram nobis relief must establish that he '(1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid convictions; (3) provides sound reasons for failing to

seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind.'"[35]

Mr. Slone today asks we reconsider our June 21, 2024 Order denying him writ of error coram nobis or audita querela seeking to vacate his federal conviction.[36] We still lack jurisdiction as Mr. Slone "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996."[37] Mr. Slone also still does not have a "gap" in his current system of post-conviction relief warranting the writ of audita querela. Mr. Slone cannot not use the writ of coram nobis due to his incarceration.

The Supreme Court's June 21, 2024 decision in *Rahimi* is not a change in law warranting a reconsideration of Mr. Slone's petition.[38] Mr. Rahimi challenged Section 922(g)(8) based on a domestic violence offense; the Court did not address a drug dealer with multiple offenses addressed by Congress in section 922(g)(1).  We agree with our colleagues the Supreme Court's decision and reasoning in *Rahimi* reinforces the constitutionality of Section 922(g)(1).[39] The Supreme Court then vacated the *Range* judgment earlier this month. We also are persuaded by our many colleagues before and after *Rahimi* finding Section 922(g)(1) did not violate the Second Amendment when the defendant presents with similar state drug convictions.[40] We cannot today find Section 922(g)(1) violates the Second Amendment and does not fit within our nation's history of firearm regulation as applied to Mr. Slone based on *Rahimi* and our colleagues' decisions.

We deny Mr. Slone's motion for reconsideration of our June 21, 2024 Order.

### III. Conclusion

State court judges convicted Mr. Slone of possession with intent to deliver three times before we sentenced him for his felon in possession of a firearm conviction. Philadelphia police

later found Mr. Slone in possession of a firearm in violation of Section 922(g)(1). We denied Mr. Slone's earlier habeas petition, six motions for compassionate release, and writ for audita querela and error corum nobis. We today deny Mr. Slone's motion for reconsideration as there is no basis to find we can enter a writ of audita querela or error corum nobis.

---

[1] *Commonwealth v. Slone*, MC-51-CR-1127601-2001 (Phila Ct. Com. Pl.); ECF No. 46-1 at 4–16.

[2] *Id.*

[3] *Commonwealth v. Slone*, CP-51-CR-0412981-2002 (Phila Ct. Com. Pl.); ECF No. 46-1 at 3.

[4] *Commonwealth v. Slone*, CP-51-CR-1301609-2006 (Phila Ct. Com. Pl.); ECF No. 46-2 at 9–10.

[5] *Commonwealth v. Slone*, CP-51-CR-1301609-2006 (Phila Ct. Com. Pl.); ECF No. 46-2 at 5–6.

[6] *Commonwealth v. Slone*, CP-51-CR-1301609-2006 (Phila Ct. Com. Pl.).

[7] *Commonwealth v. Slone*, CP-51-CR-0006057-2007 (Phila Ct. Com. Pl.); ECF No. 46-3.

[8] *Id.*

[9] *Id.*

[10] ECF No. 1.

[11] ECF No. 43.

[12] ECF No. 56; Congress in 18 U.S.C. § 924 (e) provides in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

[13] ECF Nos. 59, 67.

[14] ECF No. 70.

---

[15] ECF No. 77.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] ECF No. 117.

[20] ECF No. 120.

[21] No. 23-2099, ECF No. 4 (3d Cir. Aug. 9. 2023).

[22] ECF Nos.  81, 88, 96, 107, 113, 114.

[23] ECF No. 114.

[24] ECF Nos. 86, 89, 104, 108, 116.

[25] ECF No. 123.

[26] *Id.*; *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023), *cert. granted, judgment vacated sub nom. Garland v. Range*, No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024).

[27] ECF No. 125.

[28] *Id.*

[29] *Id.; Hernandez v. Pennsylvania*, No. 19-279, 2020 WL 564902, at *2 (E.D. Pa. Feb. 5, 2020).

[30] ECF No. 127 at 2.

[31] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[32] *Sec'y U. S. Dep't of Labor v. Koresko*, 726 F. App'x 127, 131–32 (3d Cir. 2018).

[33] *Hernandez*, 2020 WL 564902, at *2.

[34] *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam) (quoting *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam)).

[35] *United States v. Cole*, No. 24-1320, 2024 WL 3518303, at *1 (3d Cir. July 24, 2024) (citation omitted).

[36] ECF No. 125.

[37] *Id.*; *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009).

[38] *United States v. Rahimi*, 144 S. Ct. 1889 (2024).

[39] *See United States v. Morales*, No. 24-84, 2024 WL 3345982 at *1 (S.D.N.Y. July 8, 2024); *United States v. Jones*, No. 23-20275, 2024 WL 3297060 at * 1 (E.D. Mich. July 2, 2024); *United States v. Elliott*, No. 21-88, 2024 WL 3161879 at *1 (E.D. La. June 24, 2024); *United States v. Young*, No. 20-391, 2024 WL 3184709 at *1 (S.D.N.Y. June 25, 2024); *United States v. Razo*, No. 2:23-127, 2024 WL 3291762, at * 1 (N.D. Ind. July 3, 2024); *United States v. Levasseur*, No. 1:22-00155, 2024 WL 3358221, at *1 (D. Me. July 9, 2024); *United States v. Thrones*, No. 24-42-1, 2024 WL 3204457, at * 1 (E.D. Pa. June 25, 2024).

[40] *See United States v. Blackshear*, No. 23-159, 2023 WL 5985284 (E.D. Pa. Sept. 14, 2023); *United States v. Minter*, No. 22-155, 2023 WL 6051265 (M.D. Pa. Sept. 15, 2023); *United States v. Reichenbach*, No. 22-57, 2023 WL 5916467 (M.D. Pa. Sept. 11, 2023).